[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Levon Baskin was convicted in 1986 of attempted rape and abduction, with both counts carrying the specification of a previous conviction for rape. He was sentenced to twelve to fifteen years' incarceration on the first offense, and to eight to ten years' incarceration on the second offense, to be served concurrently. In March 2000, Baskin was returned from the penitentiary for a hearing to determine if he should be classified as a sexual predator. At that hearing, the trial court found Baskin to be a sexual predator and entered judgment accordingly. From that judgment, Baskin has appealed. Baskin claims (1) that his adjudication as a sexual predator was against the manifest weight of the evidence, and (2) that his adjudication under R.C. Chapter 2950 was unconstitutional.
The record before us makes clear that the trial court considered the statutory factors from R.C. 2950.09 in making its determination that Baskin is a sexual predator The facts underlying the 1986 convictions were that, as the victim waited in her car at a traffic signal, Baskin entered the car, held the victim at knifepoint and ordered her to drive through residential neighborhoods. About thirty minutes later, he ordered the victim to park on a quiet street, where he tried to sexually assault her. The victim struggled with Baskin, and after five minutes, Baskin saw an oncoming car. Baskin again ordered the victim to drive, and they continued on for another thirty minutes until he abandoned the car. Furthermore, Baskin's criminal record revealed a prior conviction for rape. We conclude that the state's evidence was sufficient to support the trial court's finding that Baskin is likely to commit another sexually-oriented offense. Baskin's first assignment of error is overruled.
In Baskin's second assignment of error, he claims that his adjudication under R.C. Chapter 2950 violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. This assignment of error is overruled on the authority ofState v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.
Therefore, the judgment of the court of common pleas adjudicating Baskin a sexual predator is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.